UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL RICE,

                Movant,

-against-

UNITED STATES OF AMERICA,

                Respondent.

20-CV-9045 (LAP)

02-CR-0723-1 (LAP)

ORDER

LORETTA A. PRESKA, United States District Judge:

    Movant Daniel Rice, currently detained at the North Infirmary Command on Rikers Island, brings this *pro se* petition under 28 U.S.C. § 2241, challenging the legality of his sentence entered in *United States v. Rice*, No. 02-CR-0723-1 (S.D.N.Y. July 13, 2004). For the following reasons, the Court directs Rice to show cause, by filing a declaration within sixty days of the date of this order, why this application should not be denied.

## BACKGROUND

    The following facts are taken from Rice's § 2241 petition and his criminal proceedings.[1] On November 21, 2003, Rice pleaded guilty to narcotics and weapons charges. Before pleading guilty, Judge John E. Sprizzo, who presided over Rice's criminal proceedings, granted a request from Rice's first lawyer, Christopher Chan, to be relieved as counsel, and appointed Alan Haber from the Court's Criminal Justice Act (CJA) panel. On July 13, 2004, Judge Sprizzo sentenced Rice to 144 months' incarceration and 4 years of supervised release. (Crim. Dkt. No. 32.) The following day, Rice filed a notice of appeal. (*Id.* No. 33.)

---

[1] Many of the filings in the criminal case do not have document numbers associated with the filings because, at the time of the filings, the Court did not assign such numbers to every event. Where a document number was assigned, the Court cites to the document number. Where a link to the document is included, the Court cites to the electronic case filing (ECF) document number.

2

On August 3, 2004, the Court of Appeals for the Second Circuit assigned case number 04-3941-cr to Rice's appeal. And on August 19, 2005, the Second Circuit dismissed the appeal because Rice had "knowingly and voluntarily waived his right to appeal." (*Id.* No. 40.)

Several years later, Rice filed in this Court motions brought under 18 U.S.C. § 3582(c)(2), seeking the reduction of his sentence. On March 10, 2009, Judge Richard J. Howell, who was the newly assigned judge, reduced Rice's sentence to 132 months' incarceration. (*Id.* ECF No. 46.) And on January 27, 2012, Judge Howell again reduced Rice's sentence, this time to 120 months' incarceration.[2] (*Id.* ECF No. 51.)

Rice, who currently is in the custody of the New York City Department of Correction (DOC) on any unrelated charge, now brings this *habeas corpus* petition, claiming that his first lawyer, Christopher Chan, did not file a notice of appeal. (ECF No. 1, at 2.) Specifically, Rice claims that he had instructed Chan to file an appeal, "and it was not until the time in which to file a late notice had passed when it was discovered counsel had dropped the ball." (*Id.* at 11.) Rice raises his challenge in a § 2241 petition because "[t]he time to file a 2255 has passed & I did not know counsel failed to file any appeal until recently." (*Id.* at 4.)

For relief, Rice seeks "[r]esentencing to file a new appeal." (*Id.* at 7.)

## DISCUSSION

**A.     Designation of Application as Motion Under 28 U.S.C. § 2255**

Rice brings this petition for *habeas corpus* relief under § 2241, claiming that 28 U.S.C. § 2255 is not available to challenge his lawyer's alleged failure to file a notice of appeal. This argument is meritless because Rice's second lawyer did file a notice of appeal.[3] The Court

---

[2] On February 21, 2012, the case was reassigned to my docket. (Crim. Dkt. ECF No. 49.)

[3] A movant generally must seek relief from "the court which sentenced him . . . unless

3

therefore concludes that Rice's application must be construed as a motion for relief under § 2255 because he seeks to challenge his underlying judgment of conviction. *See Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001) (holding that § 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence").

If Rice does not want to pursue relief under § 2255, he may notify the Court in writing within sixty days that he wishes to withdraw the application. *See Castro v. United States*, 540 U.S. 375, 383 (2003); *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998) (*per curiam*). If Rice does not inform the Court of his intent within sixty days, the application will remain designated as a motion under 28 U.S.C. § 2255.

**B.    In Custody**

Based on a review of Rice's criminal proceedings, the Court concludes that Rice is not in custody on the conviction in which he challenges. District courts have jurisdiction to entertain petitions for *habeas corpus* relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2255(a). The United States Supreme Court has interpreted these provisions as "requiring that the *habeas* petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989); *see also Nowakowski v. New York*, 835 F.3d 210, 215 (2d Cir. 2016) ("In order for a federal court to have jurisdiction over a *habeas* petition, the petitioner must be 'in custody pursuant to the judgment of a State court' at the time that petition is filed.").

---

it . . . appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.").

4

Where a petitioner suffers from substantial restraints not shared by the general public, *habeas corpus* relief is available. *See Maleng*, 490 U.S. at 491. Thus, defendants on supervised release may pursue relief in a *habeas corpus* motion. *See, e.g.*, *Earley v. Murray*, 451 F.3d 71, 75 (2d Cir. 2006) ("Post-release supervision, admitting of the possibility of revocation and additional jail time, is considered to be 'custody.'"). But "once a sentence has been completely served and thus expired, an individual is no longer 'in custody' under that conviction." *Valdez v. Hulihan*, 640 F. Supp. 2d 514, 515 (S.D.N.Y. 2009) (citations omitted).

Here, Rice's entire sentence – 10 years' incarceration and 4 years' supervised release supervision – appears to have expired.[4] Even calculating from the date of his judgment of conviction, July 13, 2004,[5] Rice's conviction would have expired some time in 2018. As Rice is no longer is "in custody" within the meaning of § 2255, he cannot challenge the validity of his conviction in this proceeding. *See Maleng*, 490 U.S. at 492.

## C. Applicable Statute of Limitations

Even if Rice could show that he is still serving his sentence for the July 13, 2004 conviction, the application is time-barred. A federal prisoner seeking relief under § 2255 must generally file a motion within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; *or* (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence.

---

[4] Rice, who is in DOC custody, theoretically could be on supervised release while detained at a DOC facility.

[5] Rice's criminal court records show that he was arrested and detained on May 20, 2002. (Crim. Dkt. No. 5.)

5

*See* 28 U.S.C. § 2255(f). Rice placed this application in the prison mail collection box on October 1, 2020, nearly 15 years after his judgment was upheld on appeal and his time to seek a writ of *certiorari* from the United States Supreme Court had expired.

**D.     Order to show cause**

The Court therefore directs Rice to show cause within sixty days why this application should not be denied. Rice must state facts showing that he is serving his 2004 sentence and that the motion is not time-barred. He may allege any facts showing that he has been pursuing his rights diligently and that extraordinary circumstances prevented him from timely submitting this motion. *See Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001) (holding that extraordinary circumstances may warrant tolling the statute of limitations for § 2255 motions).

## CONCLUSION

The Court construes Rice's application as a motion under 28 U.S.C. § 2255 and directs the Clerk of Court to designate this case as one brought under § 2255.

Within sixty days of the date of this order, Rice must either notify the Court in writing if he wishes to withdraw the motion, or, if Rice chooses not to withdraw his motion, file a declaration showing cause why the motion should not be denied. For Rice's convenience, a declaration form is attached to this order. If Rice files a declaration within the time allowed, the Court will review it, and if proper, order that the motion be served on Respondent. If Rice fails to comply with this order, and cannot show good cause to excuse such failure, the motion will be denied. No answer will be required at this time.

Because Rice has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

6

The Clerk of Court is directed to attach to this order a public docket sheet from Rice's criminal case (02-CR-0723-1).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: November 16, 2020
New York, New York

_____
LORETTA A. PRESKA
United States District Judge